FILED IN OPEN COURT
DATE 1/6/2014
BY [signature]
DEPUTY CLERK
Danville DIVISION, W.D of VA

# UNITED STATES DISTRICT COURT
## FOR THE
### WESTERN DISTRICT OF VIRGINIA

January 11, 2011

United States of America

Vs.                               Docket No. 7:02CR00127-001
                                  Supervised Release Violation Report

David Christopher Martin

On February 18, 2003, the defendant, Christopher David Martin, appeared before the Honorable Jackson L. Kiser, Senior U.S. District Judge, and pled guilty to Count One of a single count indictment that charged him with theft of firearms from a licensed dealer. On May 9, 2003, Martin was sentenced to 100 months imprisonment, followed by a three-year term of supervised release, ordered to pay restitution in the amount of $4,822.69, and a special assessment of $100. In addition, to the mandatory and standard conditions of supervision the court imposed the following special conditions:

> 1) The defendant shall pay any special assessment and restitution that is imposed by this judgment.

> 2) The defendant shall participate in a program of testing and treatment for substance, as directed by the probation officer, until such time as he is released from the program by the probation officer.

> 3) The defendant shall not possess a firearm or destructive device and shall reside in a residence free of firearms and destructive devices.

> 4) The defendant shall submit to warrantless search and seizure to determine whether the defendant is in possession of illegal controlled substances or firearms.

## Adjustment to Supervision

On February 2, 2010, Martin was released from the custody of the Bureau of Prisons, and he began a three-year term of supervised release. He initially resided with his mother in Covington, Virginia but he did not obtain gainful employment. On May 12, 2010, Martin was arrested by an officer of the Covington Police Department, and charged with two counts of statutory burglary and two counts of grand larceny that occurred on April 9, 2010. On October 12, 2010, he was indicted on charges of petit larceny, damaging property, and entering property with intent to damage, all the offenses occurred on April 9, 2010. On December 13, 2010, he appeared in Alleghany Circuit Court and pled nolo contendre to two counts of entering a dwelling to commit a felony, two counts of grand larceny, and one count of entering the property of another with intent to damage. He was sentenced to a total of four years followed by a five-year term of probation upon release, and ordered to pay $4,305 in court costs.

## Violations of Supervised Release

**Mandatory Condition:** *"While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance."*

On December 13, 2010, Martin was sentenced to four years in the Virginia Department of Corrections upon his conviction for four new felonies and one misdemeanor. Two of his convictions, burglary of a dwelling, are crimes of violence.

## Revocation Options

Violation Grade: A    U.S.S.G. § 7B1.1(a)(2)
Criminal History Category: VI

<u>Custody</u>

**Statutory Provisions:** If the court finds that the defendant has committed a violation, the court may revoke supervised release. Since the original conviction was a Class D, the maximum term of imprisonment is two years. 18 U.S.C. § 3583(e)(3).

**Guideline Provisions:** Upon a finding of a Grade A or B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Based on a Grade A violation and a criminal history category of VI, the guideline range for imprisonment is 33 to 41 months. U.S.S.G. § 7B1.4(a). However, since the statutory maximum upon revocation is two years, the guideline range shall be 24 months. U.S.S.G. § 7B1.4(b)(3)(A).

<u>Supervised Release</u>

**Statutory and Guideline Provisions:** Where supervised release is revoked and the resulting term of imprisonment is less than the maximum term authorized under 18 U.S.C. § 3583(e)(3), the court may order that the defendant be placed on supervised release upon release from imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized for the original offense, less the cumulative prison time imposed for all revocations of supervised release. 18 U.S.C. § 3583(h) and U.S.S.G. § 7B1.3(g)(2).

<u>Fine/Restitution</u>

**Guideline Provisions:** Any fine or restitution previously imposed in connection with the sentence for which revocation is ordered and that remains unpaid at the time of revocation shall be reimposed by the court. U.S.S.G. § 7B1.3(d).

Respectfully submitted,

Philip D. Powers
U. S. Probation Officer

PDP/anw

Approved:

Daniel E. Fittz
Supervising U.S. Probation Officer

cc: